923 F.2d 200
 287 U.S.App.D.C. 377
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
COMMON CAUSE
v.
FEDERAL ELECTION COMMISSION.
National Republican Senatorial Committee, Appellant.
 No. 90-5317.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 13, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellant's motion for summary reversal, the responses thereto and the reply; and appellee Federal Election Commission's motion for summary affirmance, the response thereto and the reply, it is
 
 
 2
 ORDERED that the motion for summary reversal be denied. It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted. "The mootness doctrine, deriving from Article III, limits federal courts to deciding 'actual, ongoing controversies.' " Clarke v. United States, No. 88-5439 (D.C.Cir., Oct. 2, 1990) (en banc ) slip op. at 4, (quoting Honig v. Doe, 484 U.S. 305, 317 (1988)). Mootness "must be determined by reference to the allegations of the complaining party." See Network Project v. Corporation for Public Broadcasting, 561 F.2d 963, 968 n. 25 (D.C.Cir.1977), cert. denied, 434 U.S. 1068 (1978). In this case, movant National Republican Senatorial Committee ("NRSC") sought to intervene in district court for the purpose of opposing Common Cause's Motion to Enforce Mandate. See Motion for Leave to Intervene at 1. We conclude that the district court properly dismissed NRSC's motion to intervene as moot once Common Cause withdrew its motion to enforce the mandate.
 
 
 4
 Although NRSC's motion to intervene also criticized the district court's January order*, NRSC did not specifically move to vacate the January order pursuant to Rule 60(b). Thus, the district court was under no obligation to address this issue. Moreover, the possibility that Common Cause might seek additional or similar enforcement relief in the future does not render NRSC's motion to intervene reviewable here; nor does it, in this case, render the motion reviewable under the "capable of repetition yet evading review" exception to the mootness doctrine. See Clarke v. United States, No. 88-5439, slip op. at 8. Rather, if pleadings to enforce the mandate are filed in the future, NRSC will be free to seek to intervene at that time. We also note that NRSC is currently able to challenge the Federal Election Commission's allegations of election violations in Federal Election Comm'n v. NRSC, No. 90-2055 (D.D.C. filed Aug. 24, 1990), which remains pending in district court.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 
 
 *
 In that order the district court ruled that the Commission's dismissal of part of Common Cause's complaint was arbitrary and capricious and contrary to law. The court therefore remanded the matter to the FEC, directing the Commission to "conform with this declaration and proceed accordingly...." See Common Cause v. FEC, 729 F.Supp. 148, 153 (D.D.C.1990)